IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZIBALSTAR, L.C., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ROBERT CONTE, *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR ATTORNEY'S FEES** <br><br> Case No. 2:17-CV-563 <br><br> District Judge Jill N. Parrish |

This matter comes before the court on motions for attorney's fees filed by defendants Raymond Weller (ECF No. 233) and David Odenath (ECF No. 235). For the reasons below, those motions are granted in part and denied in part.

## I. BACKGROUND

The instant fee requests emanate from an action asserting RICO claims alongside an array of state law causes of action against more than a dozen individual and corporate defendants, including Messrs. Weller and Odenath. The defendants each moved to dismiss the RICO claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court dismissed the federal RICO claims and, having dismissed the only claim giving rise to subject-matter jurisdiction at a preliminary stage of the case, declined to exercise supplemental jurisdiction over the remaining state law claims. (ECF No. 215).

Messrs. Weller[1] and Odenath subsequently moved for an award of attorney's fees, relying on Utah's RICO analogue, the Utah Pattern of Unlawful Activity Act (the "UPUAA"), which—

---

[1] In the underlying litigation, Mr. Weller was represented by Lester Perry, who was also a *pro se* defendant in this case. Now represented by Eric Stephenson, Messrs. Weller and Perry filed their

contrary to its federal counterpart—contains an exceedingly broad fee-shifting provision. *See* Utah Code § 76-10-1605.

## II. ANALYSIS

### A. THE COURT HAS JURISDICTION TO AWARD ATTORNEY'S FEES UNDER THE UPUAA

Plaintiffs first argue that, having dismissed the UPUAA claim by declining to exercise supplemental subject-matter jurisdiction thereon, this court has no power to award attorney's fees incurred in defending that claim. But a review of relevant precedent refutes this argument.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Pursuant to this principle, the Tenth Circuit has held that "a district court may still award attorney's fees after dismissing the underlying action for lack of subject-matter jurisdiction . . . because a claim for attorney's fees gives rise to issues separate and distinct from the merits of the original cause of action." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013) (internal citation omitted). And this proposition holds when a state statute forms the basis for attorney's fees. *See Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010) ("[A] district court need not have subject matter jurisdiction to award attorney's fees pursuant to [Colorado law].").

---

motion for attorney's fees jointly. In the course of briefing their motion, however, Mr. Perry conceded that, as a *pro se* litigant, he may not recover attorney's fees for work he performed in his own defense. (ECF No. 248 at 1 n.1). But alongside that concession, Mr. Weller submitted a declaration representing to the court that he actually paid Mr. Perry $55,737 for work done on his behalf—the same amount requested in the initial joint motion. (ECF No. 248-1 at 2). It is perhaps unusual that Mr. Weller would not require Mr. Perry to absorb at least a portion of the costs—as measured by Mr. Perry's labor—incurred in defending this action. In effect, Mr. Weller's decision to retain Mr. Perry completely subsidized Mr. Perry's own defense. Nevertheless, if Mr. Weller had retained non-party counsel to defend this action, he would have incurred similar costs. He is entitled to his choice of counsel, and any reduction in fees would punish Mr. Weller for having exercised that right by retaining a lawyer who was also a party to the litigation.

Thus, as part of its jurisdiction to "consider collateral issues after an action is no longer pending," the court may award attorney's fees flowing from the dismissal of the UPUAA claim.

### B. MESSRS. WELLER AND ODENATH ARE ENTITLED TO ATTORNEY'S FEES UNDER THE UPUAA

The UPUAA contains a sweeping fee-shifting provision:

> If an action, claim, or counterclaim brought or asserted by a private party under this section *is dismissed prior to trial* or disposed of on summary judgment, or if it is determined at trial that there is no liability, the prevailing party shall recover from the party who brought the action or asserted the claim or counterclaim the amount of its reasonable expenses incurred because of the defense against the action, claim, or counterclaim, including a reasonable attorney's fee.

Utah Code § 76-10-1605(8) (emphasis added). Thus, the UPUAA mandates the award of reasonable expenses, including a reasonable attorney's fee, incurred "because of the defense against" a UPUAA claim, when such claim is "dismissed prior to trial." *Id.*

Plaintiffs seek to engraft onto this fee-shifting provision a requirement that a "dismiss[al] prior to trial" must be a dismissal on the merits.[2] The plain language evinces no such requirement, and a review of the UPUAA's fairly detailed fee-shifting subsection convinces the court that the statute is not so limited. Indeed, far from the more common "prevailing party" fee-shifting statutes—the practical operation of which often requires at least some judicial gloss—the UPUAA sets forth the circumstances that trigger a mandatory award of attorney's fees: whenever an action is "dismissed prior to trial or disposed of on summary judgment, or if it is determined at trial that there is no liability[.]" § 76-10-1605(8). In this way, the statute neatly mirrors the

---

[2] Separate from the proper interpretation of this statute, plaintiffs' argument is strained in light of their decision not to request leave to amend the complaint, a tack that appeared to represent an admission that their RICO claims—and by extension their UPUAA claims—were meritless. But plaintiffs refiled the action—with some alterations—just two months later. It is, of course, possible that plaintiffs' failure to request leave to amend was the result of mere negligence. But on these facts, it is difficult to ignore the possibility that plaintiffs engaged (successfully) in judge shopping.

3

stages of civil litigation in which a defendant can prevail: on a motion to dismiss, a motion for summary judgment, or at trial. And in providing for attorney's fees at the motion to dismiss stage, the enacting legislature surely would have known that many—or even most—dismissals would not be on the merits. Thus, the statute's provision of attorney's fees when an action under UPUAA is "dismissed prior to trial" must be given effect according to its plain language, which does not restrict fee-shifting to dismissals on the merits.[3]

C. THE UPUAA DOES NOT PROVIDE FOR "FEES ON FEES"

Messrs. Weller and Odenath additionally request an award of fees incurred in connection with their request for fees. As explained below, those requests must be denied.

A court's "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) (internal quotation marks omitted). When the basis for

---

[3] Plaintiffs do not challenge the reasonableness of the movants' attorney's fees, and the court finds reasonable both the hourly rates and the number of hours expended. Plaintiffs do offer a wholly undeveloped argument that appears to relate to allocation, relying on a decision from this court awarding only 20% of fees sought in a RICO-UPUAA case because "the UPUAA claims were never the driving force behind Plaintiffs' lawsuit." *See Albright v. Att'ys' Title Ins. Fund*, No. 2:03-cv-517, 2009 WL 1065401, at *3–4 (D. Utah Apr. 20, 2009). The court does not find the reasoning in *Albright* to be applicable here. Because the UPUAA is modeled after, and is—with the exception of the jurisdictional elements—virtually identical to the federal RICO statute, Utah courts applying the UPUAA rely heavily on federal RICO decisional law. *See, e.g.*, 950 P.2d 425, 429–33 (Utah Ct. App.); *see Brickyard Homeowners' Ass'n Mgmt. Comm.*, 668 P.2d 535, 540 (Utah 1983) ("Identity in language presumes identity of construction, so that we look to federal . . . law for guidance."), *superseded on other grounds by constitutional amendment*. Thus, defense of an action asserting both federal RICO claims and claims under the UPUAA presents perhaps the paradigmatic example of work that is incapable of being disentangled for purposes of allocation. *See Keith Jorgensen's, Inc. v. Ogden City Mall Co.*, 26 P.3d 872, 879 (Utah Ct. App.) ("[P]arties are entitled to fees when compensable and non-compensable claims overlap."). But even if the work could be separated, plaintiffs have made no attempt to suggest a proper proportion of fees that correspond to the UPUAA. For all these reasons, the court will not reduce the fees sought.

attorney's fees is statutory, a court must "not deviate from the American rule 'absent explicit statutory authority.'" *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2164 (2015) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)). These principles are further reflected in rule 54(d) of the Federal Rules of Civil Procedure, which requires that a motion for attorney's fees "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii).

Neither Mr. Weller nor Mr. Odenath set forth any basis for an award of fees incurred in connection with bringing this motion. And the UPUAA nowhere provides for such fees, instead limiting the scope of its fee-shifting provision to fees incurred "because of the *defense* against the action[.]" § 76-10-1605(8) (emphasis added). Thus, Messrs. Weller and Odenath have not established grounds sufficient to deviate from the American rule with respect to the fees incurred in prosecuting their motions for fees.

Mr. Weller's motion separates the two categories of fees, representing that he incurred $7,290 in fees in pursuing this motion for fees and $55,737 to defend against the underlying lawsuit. A review of Mr. Odenath's counsel's billing entries reveals that of the $58,035.75 requested, $15,309[4] relates to work performed as part of this motion for fees rather than Mr. Odenath's defense against the underlying lawsuit. Thus, Mr. Weller is entitled to an award of $55,737 and Mr. Odenath is entitled to an award of $42,726.75—the amount of fees incurred "because of the defense against the action[.]" § 76-10-1605(8).

---

[4] The $15,309 represents the sum of all billing entries from March 27, 2018—the date of this court's order dismissing the action—to present. (ECF No. 235-2 at 7).

## III. ORDER

For the reasons articulated, the motions for attorney's fees filed by Messrs. Weller and Odenath (ECF Nos. 233 & 235) are **GRANTED IN PART AND DENIED IN PART.** Specifically,

1. Mr. Weller is entitled to $55,737 in attorney's fees and $180.40 in costs. In all other respects, Mr. Weller's motion is denied.

2. Mr. Odenath is entitled to $42,726.75 in attorney's fees and $1,539.44 in costs. In all other respects, Mr. Odenath's motion is denied.

Signed January 22, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge