IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZIBALSTAR, L.C., *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>ROBERT CONTE, *et al.*,<br><br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Case No. 2:17-CV-563<br><br>District Judge Jill N. Parrish |

On January 22, 2019, the court issued an order (the "Fee Order") awarding attorney's fees under the Utah Pattern of Unlawful Activity Act (the "UPUAA") to defendants David Odenath and Raymond Weller. (ECF No. 260). Plaintiffs subsequently filed a motion for reconsideration on February 19, 2019. (ECF No. 263). Mr. Odenath responded in opposition on March 5, 2019 (ECF No. 271), and Mr. Weller responded in opposition on March 14, 2019 (ECF No. 274). Plaintiffs replied on March 19, 2019 (ECF No. 275). For the reasons below, plaintiffs' motion is denied.

Plaintiffs' motion for reconsideration—brought, as it was, within 28 days of the Fee Order—is properly construed as a Rule 59(e) motion to alter or amend a judgment.[1] Relief under Rule 59(e) is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e)

---

[1] An order awarding attorney's fees is a final judgment exempt from the separate document rule. *See* Fed. R. Civ. P. 58(a) ("[A] separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54 . . . .").

motion may also be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Rule 59(e) does not permit parties to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* This case illustrates the wisdom of imposing a high burden on parties seeking to relitigate a matter already decided. In opposing the award of attorney's fees, plaintiffs spent less than a single page arguing that the statutory language of the UPUAA could not support an award of attorney's fees, advancing a mysterious argument that the UPUAA should be interpreted by reference to federal civil rights fee-shifting case law. But having lost, plaintiffs now advance an array of new arguments on that topic.

The vast majority of these arguments "could have been raised in prior briefing" but were not.[2] *Id.* Others were advanced by plaintiffs' briefing and rejected in the Fee Order.[3] The court therefore declines to consider them now.

The sole issue that justifies reconsideration is the court's incomplete statement of facts regarding what plaintiffs characterize as an attempt to amend their complaint. The Fee Order

---

[2] For example, plaintiffs' newly raised argument that the Utah legislature was ignorant of this country's dual court system when it drafted the UPUAA was plainly available when the attorney's fee motions were litigated. Additionally, plaintiffs could have, but failed to offer an appropriate allocation of attorney's fees attributable to the UPUAA and those attributable to RICO, instead repeatedly arguing that the court could not award any attorney's fees thereunder. The same must be said of plaintiffs' newly raised argument that the prohibition on awarding attorney's fees to pro se parties should be extended to prevent an award of fees to a represented party who paid for the representation simply because his licensed attorney was also a party to the case.

[3] For example, plaintiffs have already advanced their argument that defendants' entitlement to attorney's fees hinges on the degree to which the court considered the UPUAA claims in its order dismissing them. It is doubtful that any fee-shifting statute operates this way, but the court has already concluded that the UPUAA, at least, does not. The statute contains no language limiting the fees to those incurred in connection with arguments the court found persuasive and subsequently relied on in dismissing the UPUAA claims. Rather, the UPUAA *requires* the award of fees "incurred because of the defense against the . . . claim" "from the party who . . . asserted the claim" when the claim "is dismissed prior to trial[.]" *See* Utah Code 76-10-1605(8).

indicated that plaintiffs had not requested leave to amend their complaint, speculating that their failure to do so may have been part of an attempt to present the same arguments to another judge in the event that their complaint was dismissed. Plaintiffs assert that the court made a "factual error" inasmuch as they had requested an opportunity to amend their complaint.

But their off-hand request did not qualify as a motion for leave to amend. Plaintiffs had included in their memoranda a single sentence requesting leave to amend their complaint "[i]n the event any of the pending motions to dismiss are granted[.]" (ECF No. 127 at i). But plaintiffs never—either before or after dismissal—filed a motion seeking leave to amend. As the court noted in its order dismissing plaintiffs' claims:

> [A]fter amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And in this district, "[n]o motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document." DUCivR 7-1(b)(1)(A). Furthermore, "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kan. Dept. of Social & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999). The plaintiffs' identical, one-sentence requests to amend their complaint "in the event any of the pending motions to dismiss are granted" do not give this court or the defendants any hint as to the basis of a proposed amendment.

(ECF No. 215 at 11 n.9). In short, plaintiffs' cursory request—viewed in light of the expansive scope of their deficient RICO/UPUAA complaint—was insufficient both in form and substance to constitute a motion for leave to amend.

Regardless, the Fee Order expressly indicated that the plaintiffs' failure to seek leave to amend and the inferences flowing therefrom were "separate from the proper interpretation of th[e] statute" on which the court relied in awarding fees. (ECF No. at 3 n.2). Thus, even with a more complete narrative of these events, the Fee Order requires no revision.

## **ORDER**

For the reasons articulated, plaintiffs' motion for reconsideration (ECF No. 263) is **DENIED.**

Signed April 10, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge